IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS R. GALLOWAY, JR., )<br>)<br>Petitioner, )<br>)<br>)<br>v. )<br>)<br>JOHN R. WALTON, Warden; )<br>WESTMORELAND COUNTY DA )<br>OFFICE; and WESTMORELAND )<br>COUNTY, )<br>)<br>Respondents. ) | Civil Action No. 20-598<br><br>District Judge W. Scott Hardy<br>Magistrate Judge Maureen P. Kelly |

**MEMORANDUM ORDER**

This matter comes before the Court on the Report and Recommendation ("R&R") entered by Magistrate Judge Maureen P. Kelly on May 31, 2022. (Docket No. 43). The R&R was re-entered on November 2, 2022, when it came to the Court's attention that a page of the previously filed R&R was missing from the docket. (Docket No. 45). On that same date, a copy of the full and complete text of the R&R was mailed to Petitioner Thomas R. Galloway, Jr. at the two addresses listed in the R&R. (*See id.*).

As background, Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition"), in which he challenged his arrest and ongoing pretrial detention in the Westmoreland County Prison ("WCP"), was filed on April 30, 2020. (Docket No. 3). On September 22, 2021, Petitioner submitted correspondence in an ongoing prisoner civil rights case that he had been released from the WCP on September 14, 2021. (*See* Civ. No. 20-611, Docket No. 121). Consequently, the Court issued two Orders directing Petitioner to show cause why this case should not be dismissed as moot. (Docket Nos. 41, 42). The deadline for Petitioner to respond was May 18, 2022. (Docket No. 42). As of the initial filing of the R&R on May 31, 2022,

1

Petitioner had not responded to the Orders to Show Cause.[1] Accordingly, the R&R recommends that the Petition should be dismissed for failure to prosecute, and further recommends that a certificate of appealability should be denied, to the extent that one is required. (*See* Docket No. 45 at 2-5).

As stated, service of the R&R was made on Petitioner by mail at the two addresses listed in the R&R, and any objections were due by November 16, 2022. (Docket No. 45). Thereafter, Petitioner did not file any objections to the R&R.

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. Fed. R. Civ. P. 72(b)(2), (b)(3); 28 U.S.C. § 636(b)(1). Here, however, because no party filed any objections to the R&R, which explicitly states that "[f]ailure to timely file objections will waive the right to appeal," (Docket No. 45 at 6), this Court reviews the magistrate judge's decision for plain error. *See Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *see also* Fed. R. Civ. P. 72(b), Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

In this case, upon careful review of the R&R and the entire record, and finding no plain error on the face of the record, the Court will accept Judge Kelly's recommendation and adopt the R&R as the Opinion of the Court. In so ruling, the Court agrees with Judge Kelly's determination that this case should be dismissed for Petitioner's failure to prosecute in view of the factors the Court is to consider pursuant to *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868-70 (3d

---

[1] Petitioner still had not responded to the Orders to Show Cause as of November 2, 2022, when a copy of the full and complete text of the R&R was mailed to Petitioner at the addresses listed in the R&R.

Cir. 1984). As Judge Kelly correctly observed in the R&R: Petitioner is proceeding *pro se*, thus he bears all responsibility for prosecuting this case and complying with the Court's orders, yet he has failed to comply with the Court's Orders to Show Cause; Petitioner's failure to respond to the Court's Orders to Show Cause demonstrates a history of dilatoriness; the fact that Petitioner ignored the Court's Orders to Show Cause indicates that his failure to respond is willful; there is no indication that the imposition of any alternative sanction likely would be effective; and Petitioner's claims lack merit given that the record indicates that this case is moot, and he has failed to comply with the Court's Orders to explain why it is not. (Docket No. 45 at 3-5). For these reasons, this case will be dismissed.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 1st day of February, 2023,

IT IS HEREBY ORDERED that the R&R (Docket Nos. 43, 45) is ADOPTED as the Opinion of the Court.

For the reasons set forth in the R&R, IT IS FURTHER ORDERED as follows:

(1) Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Docket No. 3) is DISMISSED for failure to prosecute; and

(2) The Court will not issue a certificate of appealability because jurists of reason would not find it debatable that Petitioner has failed to prosecute this case.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case CLOSED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record

        Thomas R. Galloway, Jr. (via U.S. Mail)
        2116 Chalfant Street
        Wilkinsburg, PA  15221

        Thomas R. Galloway, Jr. (via U.S. Mail)
        700 Beulah Road
        Pittsburgh, PA  15235